IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT LEWIS RENDELMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-125-DRH |
| | ) |
| LISA HOLLINGSWORTH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Scott Rendelman, an inmate in U.S.P. Marion, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are thus subject to summary dismissal.

## THE COMPLAINT

Rendelman states that he first met Celeste Wray in February of 1991 through Prisoner Visitation Services (PVS). At that time, he was an inmate at FCI Memphis, and Wray was a volunteer visitor with PVS. Wray visited Rendelman regularly during his time at FCI Memphis. Rendelman was transferred to another facility in 1992, and Wray continued to maintain contact with him through mail. She eventually provided him with her phone number, and they began to maintain telephone contact. After Rendelman was released in 2001, he and Wray continued to stay in contact; he even visited Wray at her home with his daughter after his supervised release expired.

Rendelman was sentenced to a new federal term of imprisonment in 2008. After arriving at USP Marion, he placed Wray on his phone list and visiting list. Rendelman called Wray in July of 2008. While monitoring this call, prison authorities learned that Wray was a PVS volunteer. Prison authorities informed Rendelman that mail and phone contact with PVS volunteers were against policy. Thus, Rendelman was prevented from corresponding with Wray through telephone or mail, and Wray was removed from his visiting list.

Rendelman requested special permission from the warden, Defendant Hollingsworth, to correspond with Wray. He explained that he had a 17-year relationship with Wray, she had become a close family friend, and the relationship predated his current term of incarceration. He also explained that Wray is almost 90 years old, and he knows that time is limited. Hollingsworth denied Rendelman's request, citing policy, and he unsuccessfully appealed to the extent allowed through administrative remedies. Rendelman further alleges that the policy cited as the reason for terminating his contact with Wray was authored by Defendant Lappin, Director of the United States Bureau of Prisons.

Although Rendelman has not divided his complaint into counts, the Court finds it convenient

to reorganize his allegations and to divide this action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1**

Rendelman alleges that enforcement of the policy that prevents his correspondence with Wray has caused him great emotional pain. He claims that the policy serves no penological objective and is done for the purpose of causing pain, thereby constituting cruel and unusual punishment.

The Eighth Amendment prohibiting cruel and unusual punishment has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime. *Id.,* (*quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny. Eighth Amendment scrutiny only results from deprivations of basic human needs like food, medical care, sanitation, and physical safety. *See Rhodes,* 452 U.S. at 346. *See also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). Correspondence with a friend is not a basic human need deserving Eighth Amendment protection. *See Hamilton v. Lyons*, 74 F.3d 99, 106-07 (5th Cir. 1996) (holding that denial of telephone, mail, and visits did not warrant Eighth Amendment relief). Therefore, his Eighth Amendment claim is without merit, and Count 1 is dismissed with prejudice.

**COUNT 2**

Rendelman next alleges that Hollingsworth and Lappin, acting in their individual and official capacities, violated his right to free speech and association by preventing him from communicating in any way with Wray. He alleges that Hollingsworth violated this right by enforcing the policy, and that Lappin violated this right by approving the enforcement of the policy on review. Rendelman claims that these rights were violated without penological justification, and that a reasonable person in Defendants' positions would know that they were violating the law by infringing on this right.

A prison inmate retains those First Amendment rights that are not inconsistent with the legitimate penological objectives of the corrections system. *Pell v. Procunier*, 417 U.S. 817, 822 (1974). "Thus, challenges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system." *Pell*, 417 U.S. at 822. Once a action is shown to restrict an inmate's First Amendment rights, the defendants must show that such restriction is reasonably and necessarily related to the advancement of a justifiable purpose of imprisonment. *Morales v. Schmidt*, 494 F.2d 85, 87 (7th Cir. 1974). Rendelman's allegation that he was prevented from *all* contact with Wray sufficiently asserts the restriction of a First Amendment right. *See Pell*, 417 U.S. at 827-28 (finding that restriction on *one* manner of communications was constitutional because other means of communication were available); *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 638 (7th Cir. 2005) (finding that while prison's restriction on inmate's freedom to telephone broker is not a First Amendment violation, preventing all contact with broker could be); *see also Hardaway v. Kerr*, 573 F.Supp. 419, 425-26 (W.D. Wis. 1983) (in granting a preliminary injunction, court found that the inmate's First Amendment claim against prison policy denying him visits with a former volunteer was likely to

prevail on the merits). Therefore, the Court is unable to dismiss this claim against defendants Hollingsworth and Lappin, in their individual capacities, at this time.

### COUNT 3

Rendelman alleges that Hollingsworth and Lappin are liable in their official capacities for the violation of his rights. He seeks nominal damages, punitive damages, an injunction preventing the enforcement of the policy at issue, and a declaration that the policy is unconstitutional.

Suits brought against an individual in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. N.Y. City Dept. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). A suit against an individual in his official capacity is "in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Brandon v. Holt*, 469 U.S. 469, 471-72 (1985)). Therefore, the claims against Hollingsworth and Lappin are claims against the United States Bureau of Prisons.

The Bureau of Prisons, as a federal agency, is not amenable to suit in a *Bivens* action seeking damages. *See FDIC v. Meyer*, 510 U.S. 471, 483-486 (1994). Accordingly, the Bureau of Prisons is not liable for damages for the alleged violations of Rendelman's rights. However, the Bureau of Prisons can be sued for injunctive relief and declaratory judgment. Therefore, Rendelman's claims for damages against Hollingsworth and Lappin in their official capacities are dismissed with prejudice. His claims against Hollingsworth and Lappin for injunctive relief and declaratory judgement cannot be dismissed at this time.

### DISPOSITION

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** from this action with prejudice. Further, **the claims for damages against defendants Hollingsworth and Lappin, in**

**their official capacities, in Count 3** are also **DISMISSED** with prejudice. Plaintiff is advised that, within the Seventh Circuit, dismissal of this claim and defendant count as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **HOLLINGSWORTH** and **LAPPIN**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint, including copies for the United States Attorney and the Attorney General, to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **HOLLINGSWORTH** and **LAPPIN** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure, *and* on the United States Attorney for the Southern District of Illinois and the Attorney General of the United States, Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Bureau of Prisons who no longer can be found at the work address provided by Plaintiff, the Bureau of Prisons shall furnish the Marshal with the defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the B.O.P. pursuant to this order shall not be maintained in the court file, nor

disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566©.

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate

Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636©, *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 16, 2009.**

    /s/ DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**